**WHITE PLAINS COAT & APRON CO., INC., Plaintiff–Appellant,**

v.

**CINTAS CORPORATION and Cintas Corporation 2, Defendants– Appellees.**

**Docket No. 05–1520–cv.**

United States Court of Appeals, Second Circuit.

July 18, 2007.

Lee H. Rubin, Mayer Brown Rowe & Maw, Palo Alto, CA, for Plaintiff–Appellant.

Steven C. Coffaro, Keating Muething & Klekamp PLL, New York, NY; Steven J. Rice of Harris Beach LLP, Cincinnati, OH, (on the brief), for Defendants–Appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant White Plains Coat & Apron Company, Inc. ("White Plains") appealed from a judgment of the District Court for the Southern District of New York dismissing claims that Defendants–Appellees Cintas Corporation and Cintas Corporation 2 (collectively "Cintas") had engaged in tortious interference with their existing customer contracts. The district court concluded that Cintas' legitimate interest as a competitor to solicit business and make a profit triggered the defense of economic justification, and that White Plains had failed to make the requisite showing that Cintas acted with malice or illegality.

We concluded that the resolution of the appeal turned on a question of New York law that was undecided: "whether a generalized economic interest in soliciting business for profit can constitute a defense to a claim of tortious interference with an existing contract for an alleged tortfeasor with no previous economic relationship with the breaching party." *White Plains Coat & Apron Co., Inc. v. Cintas Corp.,* 460 F.3d 281, 282 (2d Cir.2006). We therefore certified this question to the New York Court of Appeals.

The New York Court of Appeals answered it in the negative, holding that:

A defendant who is simply plaintiff's competitor and knowingly solicits its contract customers is not economically justified in procuring the breach of contract. In other words, mere status as plaintiff's competitor is not a legal or financial stake in the breaching party's business that permits defendant's inducement of a breach of contract.

*White Plains Coat & Apron Co., Inc. v. Cintas Corp.,* 8 N.Y.3d 422, 426, 835 N.Y.S.2d 530, 867 N.E.2d 381 (2007). The court noted that "[a] competitor's ultimate liability will depend on a showing that the inducement exceeded a minimum level of ethical behavior in the marketplace," *id.* at 427, 835 N.Y.S.2d 530, 867 N.E.2d 381, but did not "address the other issues briefed and argued by [Cintas], including its alleged lack of knowledge of White Plains' contracts with its customers, the enforceability of any such contracts and the propriety of [Cintas'] solicitation methods," *id.* at 425, 835 N.Y.S.2d 530, 867 N.E.2d 381.

We received and have considered supplemental briefing by the parties addressing Cintas' economic interest defense in light of the New York Court of Appeals' decision. Additional fact-finding might be required. We remand to the district court to consider in the first instance White Plains' claim under the corrected legal standard.